UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

CHRISTOPHER J. WESTON
ADC #147398                                                                            PLAINTIFF

V.                          No. 3:21-cv-00057-BSM-JTR

MICHAEL S. COCHRAN, Correctional Sergeant,
Grimes Unit, ADC, *et al*.                                                          DEFENDANTS

## ORDER

Plaintiff Christopher J. Weston ("Weston"), a prisoner in the Grimes Unit of the Arkansas Division of Correction ("ADC"), has filed a *pro se* § 1983 Complaint alleging that Defendants violated his constitutional rights. *Doc. 2.* Before Weston may proceed with this case, the Court must screen his claims.[1]

To survive § 1915A screening, a "complaint must contain sufficient *factual matter*, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasis added); *see also* Fed. R. Civ. P. 8(d) (allegations must be "simple, concise, and direct"). "[L]abels and conclusions," a "formulaic recitation of the elements of a cause of action," and "naked assertions devoid of further factual enhancement" are insufficient to plead a

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints, and to dismiss any claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a) & (b).

plausible claim. *Iqbal,* 556 U.S. at 678. Finally, a plaintiff must plead facts showing how *each defendant* was *personally involved* in the alleged constitutional wrongdoing. *Id.* at 676.

### A. Weston's Claims for § 1983 Relief

Weston's Complaint alleges four separate claims: (1) on October 22, 2020, an unknown Supervisory Mental Health Evaluator ("Defendant Doe") discontinued his medications, while he was at the ADC's Ouachita River Unit; (2) on November 29, 2020, Defendant Sergeant Michael Cochran ("Cochran") used excessive force when he punched Weston in the chest at the Grimes Unit; (3) Defendant Warden Joe Page, III ("Page"), along with several other Defendants at the Grimes Unit, retaliated against Weston for using the grievance process by punishing him with quarantine and not providing medical treatment when he tested positive for Covid-19; and (4) Defendant M. Moreno, a Mental Health Supervisor at the Grimes Unit ("Moreno"), along with several nurses, committed "medical neglect" against him. *Doc. 2 at 4*.

### B. Initial Deficiencies in Weston's Complaint

Weston's Complaint improperly alleges unrelated claims against several Defendants. A Plaintiff may *not* pursue unrelated claims in one lawsuit. Similarly, multiple defendants may be joined in one lawsuit *only* if the claims against them: (1) arise "out of the same transaction, occurrence, or series of transactions or occurrences"; and (2) involve "any question of law or fact common to all

defendants." Fed. R. Civ. P. 20(a)(2); *see also* Fed. R. Civ. P. 21 (providing that a court may *sua sponte* "add or drop" an improperly joined party or "sever" any claim); *see also Stephens v. Does,* 777 F. App'x 176, 177 (8th Cir. 2019) (affirming dismissal without prejudice of several unrelated claims).

In addition, many of Weston's claims are vague and conclusory, lacking sufficient factual allegations explaining *how* and *when* each of the named Defendants personally participated in violating his constitutional rights, and how he was harmed by those violations. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (explaining that, to state a viable § 1983 claim, a prisoner "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution").

Weston's Complaint also asserts a claim against Dr. Doe, a Mental Health Evaluator at the ADC's Ouachita River Unit, for conduct that allegedly occurred while he was incarcerated at the Ouachita River Unit. Because the Ouachita River Unit is located in Malvern, Arkansas, that claim should properly be brought in the United States District Court for the Western District of Arkansas, rather than this Court.

Due to these deficiencies, the Court will allow Weston thirty (30) days, from the date of this Order, to file a Substituted Complaint that is limited to *only one* of

3

the separate, distinct, and unrelated claims currently set forth in his Complaint.² In his Substituted Complaint, Weston must: (1) *name* each of the individual Defendants who he believes violated his constitutional rights in connection with that claim; (2) describe the constitutional rights the Defendant or Defendants violated; (3) provide *specific facts* supporting and explaining the *personal involvement* of each Defendant in violating Weston's constitutional rights, including dates, times and places the violations occurred; and (4) explains how he *personally* suffered *physical harm* as a result of the Defendants allegedly unconstitutional conduct.³

If Weston elects not to file a Substituted Complaint that properly states his constitutional claims, as explained in this Order, the Court will screen the Complaint he filed on March 18, 2021. *Doc. 2. Weston is placed on notice that, the screening of those claims will result in him only being allowed to proceed with his excessive force claim against Defendant Cochran. All of Weston's other claims will be dismissed, without prejudice. because they are not properly joined, as required by Rules 20 and 21 of the Federal Rules of Civil Procedure.*

IT IS THEREFORE ORDERED THAT:

1. The Clerk is directed to mail Weston a § 1983 complaint form that is

---

²If Plaintiff wishes to pursue any of the other claims in his Complaint, he must do so by filing *separate* § 1983 Complaints asserting those claims.

³Plaintiff's Substituted Complaint will supersede and replace his original and deficient Complaint. *See In re Atlas Van Lines,* 209 F.3d 1064, 1067 (8th Cir. 2000).

labeled "Substituted Complaint."

2.     Weston will be allowed to file, **within thirty (30) days of the date of this Order,** a **Substituted Complaint** that complies with the directions in this Order.  If he does not do so, the Court will screen his Complaint, which will result in him only being allowed to proceed with his excessive force claim against Defendant Cochran, as previously explained.

DATED this 16th day of November, 2021.

_____
UNITED STATES MAGISTRATE JUDGE