## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## NORTHERN DIVISION

CHRISTOPHER J. WESTON
ADC #147398                                                                   PLAINTIFF

V.                                  No. 3:21-cv-00057-BSM-JTR

MICHAEL S. COCHRAN, Correctional Sergeant,
Grimes Unit, ADC, *et al*.                                                    DEFENDANTS

### ORDER

Plaintiff Christopher J. Weston ("Weston"), a prisoner in the Grimes Unit of

the Arkansas Division of Correction ("ADC"), has filed a *pro se* § 1983 Complaint

alleging that Defendants violated his constitutional rights. *Doc. 2.* Before Weston

may proceed with this case, the Court must screen his claims.[1]

Weston's Complaint alleges four separate claims: (1) on October 22, 2020, an

unknown Supervisory Mental Health Evaluator ("Defendant Doe") discontinued his

medications, while he was at the ADC's Ouachita River Unit; (2) on November 29,

2020, Defendant Sergeant Michael Cochran ("Cochran") used excessive force when

he punched Weston in the chest at the Grimes Unit; (3) Defendants Warden Joe

Page, III ("Page"), Deputy Warden D. Lo. Davis ("Davis"), Sheirika Brown

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints, and to dismiss any claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(a) & (b).

("Brown"), D. Jarracceil ("Jarracceil"), William F. Straughn ("Straughn"), Janice Blake ("Blake"), Justine M. Minor ("Minor"), and Paula L. Cowell ("Cowell") retaliated against Weston for using the grievance process at the Grimes Unit by punishing him with quarantine and not providing medical treatment when he tested positive for Covid-19; and (4) Defendant M. Moreno ("Moreno"), a Mental Health Supervisor at the Grimes Unit, along with staff nurse Defendants Mrs. Boggs ("Boggs"), Mrs. Morris ("Morris"), and Mrs. Harraway ("Harraway"), committed "medical neglect" against him. *Doc. 2 at 4*.

On November 16, 2021, the Court entered an Order informing Weston that his Complaint improperly asserted *unrelated* claims against multiple defendants that did not arise "out of the same transaction, occurrence, or series of transactions or occurrences," or involve "any question of law or fact common to all defendants." *Doc. 4 at 2-3* (quoting Fed. R. Civ. P. 20(a)(2)); (citing Fed. R. Civ. P. 21 (providing that a court may *sua sponte* "add or drop" an improperly joined party or "sever" any claim); *Stephens v. Does,* 777 F. App'x 176, 177 (8th Cir. 2019) (affirming dismissal without prejudice of several unrelated claims)). The November 16th Order also noted that "many of Weston's claims [were] vague and conclusory, lacking sufficient factual allegations explaining *how* and *when* each of the named Defendants personally participated in violating his constitutional rights, and how he was harmed by those violations." *Id. at 3* (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 676

2

(2009) (explaining that, to state a viable § 1983 claim, a prisoner *"*must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution")).

Due to these, and other, deficiencies, the Court allowed Weston thirty (30) days, from November 16, 2021, to file a Substituted Complaint limited to *only one* of the separate, distinct, and unrelated claims set forth in his Complaint.[2] Importantly, the Order informed Weston that if he elected *not* to file a Substituted Complaint, the Court would screen his Complaint (*Doc. 2*), "result[ing] in him only being allowed to proceed with his excessive force claim against Defendant Cochran," with "[a]ll of Weston's other claims [being] dismissed, without prejudice, because they are not properly joined, as required by Rules 20 and 21 of the Federal Rules of Civil Procedure." *Doc. 4 at 4*.

Weston has not filed an Amended Complaint and the time to do so has long since passed. Accordingly, the Court concludes that, *for screening purposes only*, Weston may proceed with his excessive force claim against Defendant Cochran.[3]

---

[2] The Order also noted that if Weston wished to pursue more than one of the claims in his Complaint, he must do so by filing a *separate* § 1983 Complaint for each such claim. *Doc. 4 at 4, n.2*. With regard to his claim against Defendant Doe, Weston was specifically instructed that if he wished to pursue that claim, it should be brought in the United States District Court for the Western District of Arkansas. *Id. at 4*.

[3] By separate Order, I am recommending that United States District Judge Brian S. Miller dismiss, without prejudice, all of Weston's other claims against all other Defendants.

IT IS THEREFORE ORDERED THAT:

1.      Weston may PROCEED with his excessive force claim against Defendant Cochran.

2.      The Clerk is directed to prepare a summons for Cochran. The United States Marshal is directed to serve the summons, Complaint (*Doc. 2*), and this Order on Cochran through the ADC Compliance Division, without prepayment of fees and costs or security therefor.[4]

DATED this 4th day of April, 2022.

_____
UNITED STATES MAGISTRATE JUDGE

---

[4] If the Defendant is no longer an ADC employee, the individual responding to service must provide a **sealed** statement with the Defendant's last known mailing address.

4